IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KADIM ALI, (TDCJ-CID #1232535) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-07-0337 |
| GENNY JONES, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Kadim Ali, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in January 2007, alleging a denial of due process and retaliation arising from the loss of some property, including magazines, books, pens, and vitamins. Ali, proceeding *pro se* and *in forma pauperis*, sues Genny Jones, a property officer at the Estelle Unit. After reviewing the claims, this court concludes that they do not satisfy the threshold requirements under the law. Final judgment is entered by separate order. The reasons are set out below.

I.   **The Plaintiff's Allegations**

Ali asserts that on November 1, 2006, he was transferred from the Jordan Unit in Pampa, Texas to the Clements Unit in Amarillo, Texas. Inmates transferred between units are only allowed to carry one bag of property. Ali took one bag of personal property with him containing toiletries, a radio, drawing pencils, thirteen books, ten magazines, and legal

papers. (Docket Entry No. 10, Plaintiff's More Definite Statement, p. 2). Ali left another bag at the Jordan Unit. The bag he left at the Jordan Unit contained books, legal papers, magazines, and other nonessential items. (*Id.* at 1-2). An unidentified officer at the Clements Unit took his property. Ali did not have access to it for the three days he was at the Clements Unit. He was then transferred to the Estelle Unit.

When he arrived at the Estelle Unit on November 3, 2006, Ali filed a grievance concerning his missing property bag. He complained that the property officer at the Clements Unit had not followed proper inventory procedures. In response to Ali's grievance, prison officials told Ali that he had received his property from the Jordan Unit on November 21, 2006 and that the Clements Unit had shipped his property to the Estelle Unit on December 5, 2006. (Docket Entry No. 3, Attachment 1, p. 1).

Following his transfer to the Estelle High Security Unit, Ali filed another grievance. He complained that the property officer at the Clements Unit had failed to inventory his property and return it to him within 24 hours. (*Id.* at 4).[1]

Prison officials at the Jordan Unit shipped Ali's property on November 7, 2006. Ali received it on November 21, 2006. Ali claims that prison officials at the Clements Unit shipped his property to the Estelle Unit on December 5, 2006 and that he received it on December 19, 2006. Ali claims that his property was at the Estelle Unit but Officer Jones lied about not receiving it. Ali asserts that on December 19, 2006, Officer Jones came to his

---

[1] Ali does not provide the second page of this grievance containing the response from prison officials.

2

cell. She told Ali that his property had arrived that morning at 9:30 a.m. and that she had removed two magazines and some medications. Ali discovered that several items of personal property were missing. Ali claims that he tried to speak with Officer Jones about the missing property, but she ignored him.

Ali filed a grievance for his missing property. The grievance officer responded on January 26, 2007 stating that Officer Jones had returned property received from the Jordan Unit and the Clements Unit. (Docket Entry No. 10, Plaintiff's More Definite Statement, p. 10). The grievance officer noted that on December 19, 2006, Officer Jones confiscated two magazines because they bore the name of a different inmate. Officer Jones also confiscated some medications that were stored in a vitamin bottle. (*Id.*).

Ali provides a document entitled, "TEXAS DEPARTMENT OF CRIMINAL JUSTICE Offender Property Inventory." (Docket Entry No. 3, Attachment 1, p. 8). This document shows that on December 19, 2006, Officer Jones inventories Ali's property that had arrived from the Clements Unit. Ali acknowledged receipt of the following items: one magazine; two boxes of colored pencils; one nearly empty box of watercolors; nine books; one wash cloth; one brush; one comb; two deodorants; one almost empty hair care product; one almost empty lotion; one pair of shower shoes; one soap dish; two toothbrushes; one container of toothpaste; one ink pen; 50 pieces of paper; one commissary bag; two cups; one pencil sharpener; two spoons; miscellaneous papers; and one container of sun screen.

Ali signed next to a statement that read: "I have reviewed the above inventory of my personal property and it is correct. I understand that if I choose to possess property while in TDCJ, I consent to its rules and regulations regarding acquisition, possession, storage, and disposition. I also understand that in the event of loss or damage determined to be the responsibility of TDCJ, reimbursement would generally be paid at no more than $50 per item." (*Id.*). Ali acknowledged receipt of the listed property on December 19, 2006.

Ali alleges that Officer Jones destroyed four books, ten magazines, vitamins, several pencil sharpeners, six ink pens, and a set of drawing pencils. Ali claims that Officer Jones did not afford him an opportunity to ship these items home.

Ali stated that he received a letter from his family on December 19, 2006 stating that his family had contacted prison officials about his property on December 14, 2006. Ali believes that prison officials told Officer Jones to return the property to him immediately. Ali alleges that Officer Jones destroyed some of the property as retaliation. Ali believes that Officer Jones destroyed his property because she had lied about the date on which property was shipped and ignored his requests for his property. Based on the way in which his property was bundled and stored, Ali believes that Officer Jones destroyed his property.

Ali states he filed a lawsuit against Officer Jones in Walker County. He abandoned the suit because prison officials did not provide him with inmate account information. Ali seeks a declaratory judgment that Officer Jones violated his civil rights and seeks compensatory damages of $50.00 and the costs of this suit.

## II. The Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official allegedly acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not

5

a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Ali has made neither of the required showings. His claim against Officer Jones lacks an arguable basis and is dismissed.

## IV. The Retaliation Claim

Prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts or complained to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996).

To prevail on a claim of retaliation, an inmate must establish: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S. Ct. 559 (1997). Mere conclusory allegations of retaliation are insufficient. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d at 310 (internal quotation marks omitted).

Ali asserts that Officer Jones retaliated against him on December 19, 2006 by destroying his personal property. He claims that his family contacted prison officials and those prison officials ordered Officer Jones to return Ali's property to him.

Ali's pleadings show that in November 2006, he filed several grievances concerning the missing property. These grievances complained about the property officer at the Clements Unit, not Officer Jones. Ali complains of the destruction of property by Officer Jones on December 19, 2006. Ali filed a grievance concerning the missing property against Officer Jones on December 27, 2006.

Ali has not alleged a chronology of events from which retaliation may be plausibly inferred. Instead, he makes conclusory allegations. Ali has not alleged facts that could plausibly show a causal connection between his exercise of his constitutional right and the alleged retaliatory act. Moreover, Ali alleges harm that is on the face of the complaint so minor that the case cannot proceed as a federal civil rights lawsuit.

In *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006), the Fifth Circuit held that alleged *de minimis* acts cannot support a retaliation claim. The Fifth Circuit explained:

> The de minimis standard enunciated by our sister circuits is consistent with this court's precedent. The standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of "federal courts embroil[ing] themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166. The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *See Crawford-El*, 523 U.S. at 588 n.10, 118 S. Ct. 1584. Some acts, though maybe motivated by retaliatory intent, are so de

> minimis that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.
>
> We must explain, however, that this threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials. Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.

*Morris*, 449 F.3d at 686.

Even if the alleged confiscation of property by Officer Jones was motivated by retaliatory intent, the acts alleged are so *de minimis* that it would not deter the ordinary person from further exercise of his rights. Because Ali cannot show that the allegedly adverse act constituted more than a *de minimis* injury, he has failed to state a valid retaliation claim.

Ali responded to this court's Order for More Definite Statement by alleging new claims of retaliation that occurred on different dates from those mentioned in his original complaint. He claims that on March 21, 2007, Officer Jones accused him of masturbating in public. He claims that on May 15, 2007, Officer Jones said she would "get [Ali's] a–," during a cell search. Ali states that Officer Jones confiscated his shoes and left his cell in disarray. (Docket Entry No. 10, Plaintiff's More Definite Statement, p. 3).

Even considering the additional allegations of retaliation by Officer Jones, Ali still has not alleged a chronology of events from which retaliation may plausibly be inferred. Ali

asserts a series of unrelated incidents. None appears to have a casual relationship to Ali's family complaining to prison officials about the confiscation of property on December 14, 2006, as Ali asserts. Again, Ali has not alleged more than a subjective belief that he is the victim of retaliation. (Docket Entry No. 10, Plaintiff's More Definite Statement, pp. 2-3).

Ali's retaliation claim lacks merit and is dismissed.

## V.     Conclusion

The action filed by Kadim Ali (TDCJ-CID Inmate #1232535) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). On reconsideration, Ali's motion for protective order, (Docket Entry No. 8), and motion for summary judgment, (Docket Entry No. 3), are denied. Any remaining pending motions are denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Ali's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)   the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

9

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on July 19, 2007, at Houston, Texas.

                                                  *signature*
                                                  Lee H. Rosenthal
                                                  United States District Judge